UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

IVIN ROMAN RICHARDSON,
    Plaintiff,

vs.                                       Case No.:  3:18cv2004/LAC/EMT

JENNIFER BECK,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se and in forma pauperis, commenced this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 on August 21, 2018 (ECF No. 1).  On March 16, 2020, Defendant filed a motion to dismiss, which the undersigned converted to a motion for summary judgment due to the evidentiary materials submitted in support thereof (*see* ECF Nos. 15, 16).  The undersigned directed Plaintiff to file a response to the motion within thirty days and advised that failure to do so would result in a recommendation that the matter be dismissed for failure to comply with an order of the court (ECF No. 16).

Thereafter, the undersigned granted Plaintiff <u>three</u> thirty-day extensions of time to respond to Defendant's summary judgment motion (ECF Nos. 19, 27, 31).  The undersigned then granted a <u>fourth</u> motion for an extension of time and, in so doing, advised that "<u>no additional extensions [would] be granted absent a showing</u>

of **extraordinary** circumstances" (ECF No. 35) (emphases in original).  The undersigned then granted <u>two</u> additional extensions of time based on Plaintiff's allegations of lack of access to legal materials (*see* ECF Nos. 37, 40).  After Plaintiff requested yet another—<u>seventh</u>—extension, the undersigned entered an order directing Defendant to respond to his request within fourteen days (*see* ECF No. 42).

      In response to Plaintiff's motion, Defendant posits that Plaintiff's claim of lack of access to a law library and legal materials is unfounded, at best (*see* ECF No. 43).  Defendant refutes Plaintiff's claim that he could not file a response to Defendant's motion because he was transferred to Okaloosa Correctional Institution (OCI), where Plaintiff claims law library services were suspended and there were no research assistants available to assist him (*see id.*).  According to Defendant and the evidentiary materials Defendant submitted in support of her response, Plaintiff has been "a frequent correspondent at the library," submitting "requests for legal items and/or research on almost a daily basis"—requests that have been "answered immediately or within a couple of days" (*id.* at 2).  Defendant maintains "Plaintiff has been timely provided all legal materials and records within the possession of library services to every request he has made since his arrival at [OCI]" in early October 2020 (*id.* at 2–3).  Defendant explains that "Plaintiff's research requests

Case No.:  3:18v2004/LAC/EMT

appear to be related to research for his criminal and/or appellate cases and . . . not for his pending civil action" (*id.* at 3).

According to Defendant, "Plaintiff utilized and received library research services on October 29, 2020, November 4, 2020, November 6, 2020, November 9, 2020, and November 15, 2020, but requested cases related to sexual battery on a child, child hearsay and ineffective assistance of appellate counsel" (*id.*). "On November 10, 2020, Plaintiff requested research on how to challenge a prison administration rule and a Ku [sic] Klux Klan Act of 1871" (*id.*). "On November 13, 2020, November 15, 2020, and November 21, 2020, Plaintiff requested materials for a criminal case, jury verdicts and Brady discovery violations" (*id.*). "On November 17, 2020, Plaintiff requested caselaw on Nelson hearings and mandamus petitions" (*id.*).

Also according to Defendant, "[w]hile Plaintiff fully availed himself of the library research services, there is no record of Plaintiff requesting research materials in writing related to his pending civil action" (*id.*). Moreover, Plaintiff "has . . . been provided with in-person library time when requested but has not always availed himself of the library time" (*id.*). "Plaintiff was scheduled for a call-out to visit to the library on October 19th, 28th, 30th, November 2nd and 13th, but only appeared

November 17th" (*id.* at 3–4). Defendant submitted evidence substantiating her allegations in all regards.

Simply put, as Defendant posits, "Plaintiff has had ample opportunity to provide his written response to the summary judgment motion and has exhibited a lack of candor to the court regarding his law library access" (*id.* at 4). "Since his transfer to Okaloosa, Plaintiff has had 100 percent law library access either in-person or through legal services that Plaintiff utilizes on an almost daily basis for unrelated legal research" (*id.*). "There is no reason Plaintiff could not have filed his written response within the past ten months" (*id.*).

Accordingly, it is respectfully **RECOMMENDED** that:

1. This case be **DISMISSED without prejudice** for Plaintiff's failure to comply with an order of the court and failure to prosecute; and

2. All pending motions be denied as moot.

At Pensacola, Florida, this 14th day of January 2021.

                    /s/ *Elizabeth M. Timothy*
                    **ELIZABETH M. TIMOTHY**
                    **CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>.  An objecting party must serve a copy of the objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No.:  3:18v2004/LAC/EMT