UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

IVIN ROMON RICHARDSON,
    Plaintiff,

vs.                        Case No.: 3:18cv2004/LAC/ZCB

JENNIFER BECK,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

This prisoner civil rights case is before the Court on Plaintiff's "Motion for Preliminary Injunction Federal Rule 65." (Doc. 66). For the reasons below, the undersigned recommends that Plaintiff's motion be denied.[1]

### I.    Discussion

Plaintiff is a Florida Department of Corrections prisoner who is currently incarcerated at Gulf Breeze Correctional Institution. Plaintiff's *pro se* civil rights complaint names Jennifer Beck, a state probation officer, as the sole Defendant in this action. (Doc. 1 at 1-2). Plaintiff's claims against Defendant arise from a violation of probation affidavit and violation of probation report, which Defendant filed in support of her request for a warrant for Plaintiff's arrest for violation of

---

[1] The case was referred to the magistrate judge for issuance of all preliminary orders and any recommendations regarding dispositive matters and motions for injunctive relief. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

1

probation. (Doc. 1 at 5-6; Doc. 15 at 6). Plaintiff moved for a preliminary injunction on January 24, 2023. (Doc. 66).[2] In his two-page motion, Plaintiff moves for an injunction against Warden S. Payne" and the "grievance coordinator C. Meredith" preventing them from "manipulat[ing] [] the grievance system" and preventing him access to the law library. (*Id.* at 1-2).

Plaintiff's motion is wholly unrelated to the matters set forth in his complaint. His motion for preliminary injunction is based on the alleged actions of two non-parties who he claims have prevented him utilization of the grievance system and access to the law library. Courts "have long observed the general rule that a court may not enter an injunction against a person who has not been made a party to the case before it." *E.A. Renfroe & Co., Inc. v. Moran*, 338 F. App'x 836, 838-39 (11th Cir. 2009) (internal quotation marks omitted). Because Warden S. Payne and C. Meredith are not parties to this action, the Court lacks subject matter jurisdiction to grant an injunction against them. *See, e.g.*, *Jackson v. Baisden*, No. 21-13004, 2022 WL 610314, at *1 (11th Cir. 2022) (holding the district court lacked subject-matter jurisdiction to grant an injunction against a non-party); *In re Infant Formula*

---

[2] This is Plaintiff's second motion for a preliminary injunction in this case. (*See* Docs. 25, 28, 32). In his first motion, Plaintiff sought an injunction based on an alleged lack of access to the prison law library and lack of legal assistance within the prison where he was confined. (Doc. 25). The Court denied the motion because it sought relief from non-parties and because Plaintiff had failed to establish the prerequisites for injunctive relief. (Docs. 28, 32).

*Antitrust Litig., MDL 878 v. Abbott Lab.*, 72 F.3d 842, 842-43 (11th Cir. 1995) (affirming that the district court lacked subject-matter jurisdiction to issue a preliminary injunction against a non-party). Plaintiff's motion, therefore, should be denied.

## II.   Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that Plaintiff's Motion for Preliminary Injunction (Doc. 66) be **DENIED.**

At Pensacola, Florida this 30th day of January 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**